UNITED STATES v. LOUIS HINSBERGER CUT-GLASS CO.

SAME v. FENSTERER et al.

(Circuit Court, S. D. New York. May 27, 1899.)

Nos. 2,751, 2,931.

1. CUSTOMS DUTIES—CLASSIFICATION—MANUFACTURES OF GLASS.

Plain unground glass blanks, intended to be finished by cutting into dishes for table use, are not "glassware," within the meaning of paragraph 100 of the tariff act of 1897, but are dutiable under paragraph 112, as manufactures of glass not specially provided for.

2. SAME—GROUND-GLASS BLANKS.

Glass blanks ground on the edge and bottom are dutiable under paragraph 100 of the tariff act of 1897, as "articles of glass, ground," without regard to the purpose for which the grinding was done.

Appeals by the United States from decisions of the board of general appraisers which reversed the action of the collector of customs in assessing duty upon the importations in question.

J. T. Van Rensselaer, Asst. U. S. Atty.

Albert Comstock, for the importers.

TOWNSEND, District Judge. The merchandise in question comprises two glass blanks,—one ground, the other unground. The former was classified as an "article of glass, ground," the latter as "blown glassware," and each was assessed at 60 per cent. ad valorem, under paragraph 100 of the act of 1897. The importer protested, claiming that they were dutiable as "manufactures of glass not specially provided for," at 45 per cent. ad valorem, under paragraph 112 of said act. The board sustained the contention of the importers, and the United States appeals.

The plain unground blank is almost identical with the oval glass blank which was before Judge Wheeler in the case of U. S. v. Fensterer, 84 Fed. 149; and Judge Wheeler there held (affirming the decision of the board of general appraisers) that these articles were manufactures of glass, under paragraph 102 of the act of 1894, as against the classification of glassware under paragraph 88 of the same act. Considerable new testimony has been taken on both sides in the present case as to commercial and common designation. Seven of the trade witnesses testify that these blanks are included within the commercial term "glassware." Five of the witnesses deny this statement. Therefore no trade designation is proved. There is much force in the contention of counsel for the United States that the word "glassware" is a comprehensive word, as was held in Rossman v. Hedden, 145 U. S. 561, 12 Sup. Ct. 925, and that, as these blanks are articles made of glass, they are glassware in fact, within the dictionary definitions; but, as I am not satisfied that the contention or proof differs materially in character or degree from that which was before Judge Wheeler, I feel bound by his conclusion that said blanks are not glassware in fact, and as to them the decision of the board of general appraisers is affirmed.

The other blank is ground on the edge and bottom. There is considerable conflict in the testimony as to the purpose for which the

grinding was done. Some of the witnesses say that it is the first process in the glass-cutting operation, for the purpose of saving work for the cutter, and that the value of the blank is increased thereby, while others deny this statement, and say that it is merely done in order to remove defects in manufacture, or to obviate the danger of cutting the workmen's hands. One of the witnesses for the importers, however, says (and I think this is fairly shown from the testimony generally) that its effect is to make the article more salable. Counsel for the importers contends that congress could not have meant to provide for such an infinitesimal amount of cutting, and must have intended to cover, by the provision for articles of ground glass, only those where the grinding was done for a permanent purpose. But the court would not be authorized in thus contradicting the express provision of the statute. Saltonstall v. Wiebusch, 156 U. S. 601, 15 Sup. Ct. 476. It is clear that this grinding is intentional, and for some purpose; and as the language of the statute includes all grinding, except for stoppers of bottles, and inasmuch as the bowl is an "article of glass," ground, I think it is dutiable under the provisions of paragraph 100, at 60 per cent. ad valorem. The decision of the board of appraisers as to these blanks is reversed.