UNITED STATES v. DURAND.

(Circuit Court, S. D. New York. December 23, 1903.)

No. 3,128.

1. CUSTOMS DUTIES—CLASSIFICATION—BLOWN GLASSWARE—GLASS BLANKS.
    Blown-glass blanks, which need further manufacture to prepare them for the trade, are not dutiable as "blown glassware," under Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633], but as manufactures of glass, not specially provided for, under paragraph 112 of said act (30 Stat. 158 [U. S. Comp. St. 1901, p. 1635]).

On application by the United States for a review of the decision of the Board of General Appraisers which reversed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Paul Durand. See G. A. 4531.

D. Frank Lloyd, Asst. U. S. Atty.
Albert Comstock, for importer.

HAZEL, District Judge. The goods, consisting of glass blown blanks, were assessed by the collector of customs under paragraph 100 (Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633]), which provides for the payment of 60 per cent. duty ad valorem. The protest of the importers that the merchandise should be assessed at 45 per cent., under paragraph 112 (30 Stat. 158 [U. S. Comp. St. 1901, p. 1635]), prevailed before the Board of General Appraisers. The United States appeals to this court from that decision. Though many witnesses for the government testified that the article is a completed article of commerce, and is distinctively known to the trade as decorated or cut glass ware, nevertheless the record also shows with sufficient fullness that the glass blanks are unground, and require finishing or cutting in order to suitably prepare them for the trade. The precise question presented has been decided adversely to the United States by Judge Wheeler under the act of 1894 (Act Aug. 27, 1894, c. 349, 28 Stat. 509; United States v. Fensterer [C. C.] 84 Fed. 148), and also by Judge Townsend under the act of 1897, in the importer's favor (United States v. Fensterer [C. C.] 94 Fed. 645). No sufficient reason, based upon the record, is presented why the decisions in the Fensterer Cases should not be followed here.

The decision of the Board of General Appraisers is affirmed.